UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BRIAN MARKUSON,

Plaintiff,

-against-

CITY OF NEW YORK; NYPD OFFICERS JOHN DOE #1–#50; FDNY PERSONNEL JOHN ROE #1–#50; and other UNKNOWN INDIVIDUALS,

Defendants.

------------------------------------------------------------X

I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and supplemental state law claims, arising under the Fourth and Fourteenth Amendments to the United States Constitution, and New York common law. It stems from unlawful search, false arrest, prosecutorial misconduct, defamation, and intentional infliction of emotional distress related to an incident at Plaintiff's residence occurring on or about April 17, 2024. Despite a large-scale response involving NYPD, FDNY, and specialized units, no formal hazard determination was ever made by qualified experts.
2. Plaintiff seeks compensatory and punitive damages, declaratory relief, attorneys' fees and costs, and other relief as this Court deems just and proper.

II. JURISDICTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.
4. Supplemental jurisdiction over state claims is pursuant to 28 U.S.C. § 1367(a).
5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the acts complained of occurred within this District.

III. PARTIES

6. Plaintiff Brian Markuson is a resident of New York, residing in brooklyn at all relevant times.

7. Defendant CITY OF NEW YORK is a municipality within New York State responsible for the NYPD and FDNY.
8. Defendants JOHN DOE #1–#50 (NYPD) and JOHN ROE #1–#50 (FDNY) are unknown officers and officials who acted under color of state law.

IV. FACTUAL ALLEGATIONS

9. On April 17th 2024 at approximately 1:30 PM, NYPD and FDNY initiated an emergency response at Plaintiff's apartment allegedly due to a neighbor calling 911 to report smelling smoke coming from Plaintiff's apartment, leading FDNY personnel to enter Plaintiff's apartment without a warrant under alleged exigent circumstances.
10. Despite claims of imminent threat, authorities failed to immediately mitigate any purported hazards. Gym records confirm Plaintiff checked into Harbor Fitness at approximately 2:03 PM, and he was arrested around 5 PM as he was returning from the gym. However, media footage and eyewitness accounts show Policemen standing around plaintiff's door at or about 8pm and that SCBA-equipped personnel re-entered the apartment building after 11:00 PM, indicating that investigative searches continued more than six hours after Plaintiff's detention. This timeline, spanning from initial FDNY entry to late-night reentry, demonstrates that any alleged exigency had long passed, undermining the claim of an emergency and reinforcing the unconstitutional nature of the prolonged warrantless searches.
9. Criminal charges against Plaintiff, specifically **Reckless Endangerment under Penal Law §§ 120.20 (Second Degree) and 120.25** (First Degree), were dismissed on November 19, 2024, pursuant to CPL 30.30 and CPL 170.40 The criminal complaint vaguely referenced **a propane tank and a burnt pan**, but did not specify which item formed the basis for the reckless endangerment charge. No expert assessment or forensic evidence supported the conclusion that **either posed a substantial risk of harm**, underscoring the speculative nature of the allegations and the lack of credible justification for Plaintiff's arrest and prosecution.
10. Authorities selectively targeted Plaintiff's personal belongings, conducted investigative actions unrelated to emergency conditions, tampered with digital storage devices, and inflicted property damage.
11. City officials, through media statements, falsely portrayed Plaintiff's residence as a "meth lab" and falsely claimed it had burned down to neighbors, causing severe reputational damage and emotional distress.
12. Plaintiff filed a timely Notice of Claim pursuant to General Municipal Law §§ 50-e and 50-i.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION – Fourth Amendment Violations (Unreasonable Search and Seizure)

Defendants conducted **multiple warrantless entries and searches** without genuine exigency, violating Plaintiff's Fourth Amendment rights. At no point during the prolonged sequence of

entries and reentries on April 17, 2024, did Defendants obtain or attempt to obtain a judicial warrant. The scene was fully secured, **the building evacuated**, and multiple specialized units were deployed—including the Bomb Squad and HAZMAT—with sufficient time and resources to apply for judicial review. The deliberate failure to seek a warrant under these circumstances constitutes a presumptively unreasonable search in violation of clearly established Fourth Amendment principles.

SECOND CAUSE OF ACTION – False Arrest

The conduct described herein is not an isolated incident, but plausibly reflects a broader municipal practice of initiating arrests and prosecutions based on vague, non-expert, and speculative observations without adequate review or evidentiary foundation. The lack of expert involvement, the absence of a formal hazard determination, and the use of media dissemination to bolster unverified claims are indicative of a pattern of deliberate indifference by the City of New York. Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), the City is liable for constitutional violations resulting from such policies, practices, or customs that foreseeably lead to the wrongful arrest and prosecution of individuals under color of law.

THIRD CAUSE OF ACTION – Prosecutorial Misconduct

On April 17, 2024, a large-scale emergency response was triggered at Plaintiff's apartment involving the NYPD, FDNY, Hazmat, and Bomb Squad personnel—all highly trained professionals with technical expertise in fire science and hazardous materials. Despite their presence, no written declaration of imminent danger was issued, and no expert signed or supported the criminal complaint. Instead, the prosecution relied on preliminary visual observations made by patrol officers untrained in hazardous materials response. Prosecutors failed to disclose the absence of expert endorsement, even as they advanced criminal charges rooted in ambiguous and speculative evidence. This omission suppressed material exculpatory evidence and denied Plaintiff fair process under Brady v. Maryland and the Fourteenth Amendment.

The prosecutorial misconduct flowed directly from the unconstitutional arrest and warrantless search conducted by NYPD and FDNY agents. Prosecutors leaned on assumptions about the presence of hazardous conditions—particularly the propane tank observed at the scene—without verifying these claims through qualified expert testimony or analysis. That tank remained in Plaintiff's apartment for hours after his arrest, contradicting the asserted emergency. No forensic evidence or hazard assessment was ever conducted. As a result, the charges rested on a mischaracterized narrative unsupported by science or law.

FOURTH CAUSE OF ACTION – Defamation (State Law)

30. Plaintiff repeats the preceding paragraphs as fully set forth herein.
31. Defendants knowingly or recklessly made false public statements to several media outlets, falsely portraying Plaintiff's apartment as a "meth lab" and falsely stating that it had burned down to neighbors. These statements were disseminated through multiple

news broadcasts and caused widespread reputational harm, social stigma, and emotional suffering. Defendants knew or should have known that no such lab or fire existed, and that no evidence supported such claims. These actions constituted defamation per se under New York law.

FIFTH CAUSE OF ACTION – Intentional Infliction of Emotional Distress (State Law)

32. Plaintiff repeats the preceding paragraphs as fully set forth herein.
33. Defendants, acting under color of law, knowingly made false statements that Plaintiff's apartment had burned down and staged the presence of fire trucks and hoses to create the false appearance of a fire. Plaintiff personally observed these theatrics while being detained, intensifying the psychological impact. These actions were extreme and outrageous, intended to humiliate Plaintiff in real time and amplify the public narrative against him. Defendants' conduct—including unlawful entry, prolonged warrantless searches, dissemination of false narratives, and physical staging—was so extreme in degree as to go beyond all bounds of decency tolerated in a civilized society. As a direct result, Plaintiff suffered severe emotional distress, anxiety, fear, and public degradation.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

a) Declaring Defendants violated Plaintiff's constitutional and state law rights; b) Compensatory and punitive damages; c) Reasonable attorneys' fees and costs; d) Such further relief as the Court deems just and proper

Brian Markuson
1420 Avenue L D4
Brooklyn NY 11230
Ph 3478296660
brianmarkuson@hotmail.com